UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARITY MITCHELL,<br><br>                              Plaintiff,<br>v.<br>AMERICAN / US AIRWAYS AIRLINE,<br><br>                              Defendant. | Case No. 2:15-cv-01921-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App. – ECF No. 1) |

This matter is before the court on Plaintiff Charity Mitchell's Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(a)–(b) and Local Rules LR IB 1-3 and 1-4 of the Local Rules of Practice.[1]

Ms. Mitchell is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The Court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" is left to

---

[1] The Local Rules of Practice may be accessed and downloaded from the Court's website at http://www.nvd.uscourts.gov/Files/2016%20Local%20Rules%20of%20Practice%20FINAL.pdf (last visited July 12, 2016).

1

1  the court's discretion, based upon the information plaintiff submitted.  *See, e.g.*, *Fridman v. City
2  of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

3  An applicant need not be absolutely destitute to qualify for a waiver of costs and fees;
4  nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still
5  provide himself "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203
6  (1993) (quoting *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 339 (1948)).  If an
7  individual is unable or unwilling to verify his or her poverty, "the Court has the discretion to
8  make a factual inquiry into a plaintiff's financial status and to deny their request to proceed *in
9  forma pauperis*." *Cooke v. Harpum*, 2008 U.S. Dist. LEXIS 120074, 2008 WL 1859051, at *2
10  (N.D. Cal. Apr. 23, 2008).  *See Marin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that
11  the district court did not abuse its discretion by denying the plaintiff's request to proceed in
12  forma pauperis because he "failed to verify his poverty adequately").  To that end, if the court
13  determines that an individual's allegation of poverty is untrue, "it shall dismiss the case."  28
14  U.S.C. § 1915(e)(2).

15  Here, Ms. Mitchell has submitted the affidavit required by § 1915(a).  The affidavit states
16  that she is not currently employed; however, it also states that she has $19,000 in cash or in a
17  bank account, $11,000 in stock, and a VW valued at $3,000.  Ms. Mitchell states that she does
18  not have any dependents.  Although she has listed certain living expenses and one credit card
19  debt, her assets exceeds these amounts.  The court finds that Ms. Mitchell has sufficient assets to
20  pre-pay the costs and fees of this action and she is ineligible for IFP status.

21  Accordingly,

22  **IT IS RECOMMENDED** that Plaintiff Charity Mitchell's Application to Proceed *In
23  Forma Pauperis* (ECF No. 1) be **DENIED**, that Plaintiff be required to pay the $400.00 filing
24  fee, and that her failure to do so within the time set by the district judge should result in dismissal
25  of this action.

26  Dated this 14th day of July, 2016.

27  
28  
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned District Judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.