UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARITY MITCHELL,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>AMERICAN / US AIRWAYS AIRLINE,<br><br>　　　　　　　　　Defendant. | Case No. 2:15-cv-01921-JAD-PAL<br><br>**ORDER** |

This matter is before the Court on an initial screening of Plaintiff Charity Mitchell's Amended Complaint (ECF No. 2). The Amended Complaint is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.[1]

Ms. Mitchell is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a Complaint. In a separate Report of Findings and Recommendation (ECF No. 4), the undersigned recommended that Plaintiff's IFP application be denied, that she be required to pay the $400.00 filing fee, and that her failure to do so within the time set by the district judge should result in dismissal of this action.

When a litigant requests IFP status, federal courts screen the complaint pursuant to 28 U.S.C. § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). If the complaint states a valid claim for relief, the court will direct the clerk of the court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint

---

[1] The Local Rules of Practice may be accessed and downloaded from the Court's website at http://www.nvd.uscourts.gov/Files/2016%20Local%20Rules%20of%20Practice%20FINAL.pdf (last visited July 15, 2016).

1

within 120 days. *See* Fed. R. Civ. P. 4(m).  When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Ms. Mitchell's Amended Complaint (ECF No. 2) is a one-page document that contains no allegations.  Similarly, the original Complaint (ECF No. 1-1) was only a cover page for numerous attached documents, which include a "Dismissal and Notice of Rights" by the U.S. Equal Employment Opportunity Commission.  Ms. Mitchell may be attempting to allege violations of Title VII of the Civil Rights Act for discrimination and retaliation.  However, her complaints do not comply with LR IA 10-2, which provides the required format for court filings. In addition, the complaints do not provide a statement of Plaintiff's allegations or claims for relief.  The court therefore dismisses the Amended Complaint with leave to amend within 30 days.

The court appreciates that it is difficult for *pro se* parties to litigate their claims; thus, Ms. Mitchell is advised to familiarize herself with the Federal Rules of Civil Procedure and the Local Rules of Practice for this Court.  She may also be able to participate in the Federal Court Ask-A-Lawyer program coordinated by the Legal Aid Center of Southern Nevada.[2]

If Ms. Mitchell chooses to file a second amended complaint, she must do so within 30 days, or by **August 17, 2016**.  The second amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks.  *See* Fed. R. Civ. P. 8.  Ms. Mitchell is advised to support each of her claims with factual allegations, because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.  She should specifically identify each defendant to the best of her ability, clarify what right she believes each defendant has violated

---

[2] Information about the Federal Court Ask-A-Lawyer program is available on the Legal Aid Center of Southern Nevada's website at http://www.lacsn.org/what-we-do/ask-a-lawyer or by calling 702-386-1070.

2

and support each claim with factual allegations about each defendant's actions. The second amended complaint should set forth his claims in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper."). Additionally, exhibits are not a substitute for a proper complaint. Instead, the information Ms. Mitchell believes to be relevant should be summarized as part of the supporting facts for each claim asserted in the second amended complaint.

Ms. Mitchell is also informed that the court cannot refer to a prior pleading (*i.e.*, the original or amended complaints) in order to make the second amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes any prior complaints. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the previous pleadings no longer serve any function in the case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The clerk of the court will be instructed to mail Ms. Mitchell a blank form complaint for employment discrimination claims along with instructions for completing the form.[3] Although a form complaint cannot cover every type of employment discrimination case, it does highlight certain types of information that is useful to the court for screening purposes and may aid plaintiffs in stating a colorable claim.

/ / /

/ / /

---

[3] The Complaint for Employment Discrimination, Pro Se Form 7, is also available on the United States Courts' website at http://www.uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination (last visited July 15, 2016).

3

Accordingly,

**IT IS ORDERED:**

1. The Amended Complaint (ECF No. 2) is DISMISSED with leave to amend. Ms. Mitchell will have 30 days from the date of this Order, until **August 17, 2016**, to file her second amended complaint.

2. The Clerk of the Court SHALL MAIL Ms. Mitchell a blank form complaint for employment discrimination claims along with instructions for completing the form.

3. The second amended complaint must be a complete document in and of itself and will supersede the original complaint and amended complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the second amended complaint will no longer be before the court.

4. Ms. Mitchell shall clearly title the second amended complaint as such by placing the words "SECOND AMENDED" immediately above "Complaint for Employment Discrimination" on the first page in the caption, and she shall place the case number, **2:15-cv-01921-JAD-PAL**, in the space for "Case No."

5. Ms. Mitchell's failure to comply with this Order by filing a second amended complaint before the **August 17, 2016** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 18th day of July, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4