1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARITY MITCHELL,

Plaintiff,

v.

AMERICAN / US AIRWAYS AIRLINE,

Defendant.

Case No. 2:15-cv-01921-JAD-PAL

**SCREENING ORDER**
**– AND –**
**REPORT OF FINDINGS AND**
**RECOMMENDATION**

(Second Am. Compl. – ECF No. 9)

This matter is before the court on a screening of Plaintiff Charity Mitchell's Second Amended Complaint (ECF No. 9). The Second Amended Complaint is referred to the undersigned for screening pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

I.    **BACKGROUND**

Ms. Mitchell is proceeding in this action *pro se.* This case arises from her allegations that her former employer violated her rights by retaliating against her and terminating her employment. She commenced the case on July 18, 2015, by filing an Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and proposed complaint. However, the court determined that Mitchell had sufficient assets to prepay the costs and fees of this action and she was ineligible for *in forma pauperis* ("IFP") status. Report of Findings & Recommendation (ECF No. 4); *see also* Order (ECF No. 7) (adopting recommendation and denying IFP application); Receipt of Payment (ECF No. 6). In a separate order, the court reviewed her Amended Complaint (ECF No. 2) and noted that she may be attempting to allege violations of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* However, the Amended Complaint failed to provide a statement of Mitchell's allegations or claims for relief or comply with LR IA 10-2. *See* Screening Order (ECF No. 5). Thus, the court dismissed the Amended Complaint with leave to amend within 30 days. Mitchell timely filed her Second Amended Complaint, which the court will now review.

## II.    SCREENING THE SECOND AMENDED COMPLAINT

The court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e).  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). If the complaint states a valid claim for relief, the court will direct the clerk of the court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days.  *See* Fed. R. Civ. P. 4(m).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions.  *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice.  *Id.* at 679–80.  Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).  However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants.  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A.    Ms. Mitchell's Amended Factual Allegations and Claims for Relief

The Second Amended Complaint (ECF No. 9) names as a defendant, her former employer, U.S. Airways/American Airlines (the "Airline"), along with individual defendants Doug Parker, Steve Olson, and Ron Rhoderick.  Ms. Mitchell alleges claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117 ("ADA") for discrimination and retaliation based on her disability of an open wound.  Because of union rules and downsizing of the Airline's Las Vegas operations, Mitchell alleges that in February 2010 employees were required to transfer

2

1   to any open base or end their employment.  *Id*. at 7.  Thus, she moved to Charlotte, North Carolina.

2   In December 2010, openings were available at the Phoenix location, which was closer to her

3   permanent home in Las Vegas.  She chose to transfer from Charlotte to Phoenix.

4         Upon her arrival in Phoenix, she was experiencing a couple of medical issues that did not

5   interfere with her employment.  However, in Phoenix she experienced resistance and retaliation.

6   *Id*.  Ms. Mitchell contends she was given notice in January 2011 that her employment would be in

7   jeopardy if she continued at the Phoenix location.  In July 2012, she filed a complaint with the

8   Equal Employment Opportunity Commission ("EEOC").  *Id*. at 9.  The director of passenger

9   service, Ron Rhoderick, subsequently informed her that he was aware of the EEOC filing and he

10  would never allow her to sue the Airline.  *Id*.  Mitchell further alleges that the Airline's CEO, Doug

11  Parker ignored her requests for assistance and a one-on-one conversation.  She experienced

12  continued discipline and harassment until her termination in March 2013.  Ms. Mitchell received

13  a right to sue letter from the EEOC on July 18, 2015, and timely commenced this action.  In her

14  prayer for relief, Mitchell seeks reinstatement of her employment, original seniority date, and all

15  back pay and raises.

16        For the reasons discussed below, the court finds that the Second Amended Complaint states

17  colorable ADA discrimination and retaliation claims against the Airline.

18  **B.  Analysis**

19        The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117, makes

20  it unlawful for covered entities, including private employers, to "discriminate against a qualified

21  individual on the basis of disability in regard to job application procedures, the hiring,

22  advancement, or discharge of employees, employee compensation, job training, and other terms,

23  conditions, and privileges of employment."  42 U.S.C. § 12112 (a); *see also Sutton v. United Air

24  Lines, Inc.*, 527 U.S. 471, 477 (1999); *Puckett v. Park Place Entm't Corp.*, 332 F. Supp. 2d 1349,

25  1352 (D. Nev. 2004).

26        To state a discrimination claim under the ADA, a plaintiff must allege that he or she: (1) is

27  a disabled person within the meaning of the ADA; (2) is qualified, with or without reasonable

28  accommodation, to perform the essential job functions; and (3) suffered an adverse employment

3

action because of the disability.  *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).  Here, Ms. Mitchell alleges that she was disabled based on an open wound.  2nd Am. Compl. (ECF No. 9) at 8.  She contends she experienced a couple of medical issues that did not interfere with her employment.  *Id*. at 7.  She alleges that defendants discriminated against her based on her open wound.  *Id*. at 8.  Mitchell has stated a colorable ADA discrimination claim.

To state a colorable ADA retaliation claim, a plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009) (quoting *Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004)).  Here, Ms. Mitchell alleges that she filed a report with the Airline regarding an aircraft on fire, requested assistance from Parker, and filed a complaint with the EEOC.  2nd Am. Compl. (ECF No. 9) at 9.  She contends that she was disciplined, harassed, and ultimately terminated.  *Id*. at 7.  She further alleges that Rhoderick told her he was aware of her EEOC complaint and he would never allow her to sue the Airline.  *Id*. at 9.  Mitchell has satisfied the pleading requirements for an ADA retaliation claim against the Airline at this early stage in the action.

However, the individual defendants Parker, Olson, and Rhoderick are not proper parties to an ADA action.  The Ninth Circuit has held that individuals cannot be held liable for damages under the ADA.  *See Walsh v. Nev. Dept. Of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006) (holding that individuals cannot be held liable for ADA claims).  As such, the court will recommend that the individuals be dismissed from this action.

Accordingly,

**IT IS ORDERED:**

1.  Plaintiff Charity Mitchell's ADA discrimination and retaliation claims shall proceed against Defendant U.S. Airways/American Airlines.

2.  The Clerk of the Court shall issue summons to Defendant U.S. Airways/American Airlines.

/ / /

/ / /

4

3.  Ms. Mitchell is advised to carefully review Rule 4 of the Federal Rules of Civil Procedure in order to properly serve Defendant.  Pursuant to Rule 4(m), she must complete service by **June 14, 2017**.

4.  From this point forward, Ms. Mitchell shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document filed with the Clerk of the Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice.  In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished.  The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate of service.

**IT IS RECOMMENDED** that Defendants Doug Parker, Steve Olson, and Ron Rhoderick be DISMISSED from this action.

Dated this 16th day of March, 2017.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment.  *See* Fed. R. App. P. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.